IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LADORA JAN RAGON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-10-831-C |
| | ) | |
| AETNA, INC.; and AETNA LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| both foreign corporations, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On August 4, 2009, Plaintiff brought suit in the District Court of Cleveland County, Oklahoma, against Defendants, asserting breaches of contract and the duty of good faith and fair dealing, and seeking actual and punitive damages as well as attorney's fees. On August 3, 2010, Defendant timely removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, alleging this Court had original subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) based on the parties' diversity and the amount in controversy. Plaintiff now moves this Court to remand the action based on lack of subject-matter jurisdiction due to the failure to meet the requisite amount in controversy.

I. STANDARD OF REVIEW

Under 28 U.S.C. § 1332(a), federal courts have subject-matter jurisdiction over controversies between diverse citizens involving a minimum of $75,000, exclusive of interests and costs. When determining whether the requisite amount in controversy is met, courts look to the plaintiff's complaint, or, when the complaint is not dispositive, to the

allegations in the notice of removal. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). The removing party bears the burden of affirmatively establishing that the amount in controversy satisfies the statutorily required amount. Laughlin, 50 F.3d at 873. "When . . . the plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence." Martin v. Franklin Capitol Corp., 251 F.3d 1284, 1290 (10th Cir. 2001). "[T]he defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that [make] it *possible* that $75,000 [is] in play . . . ." McPhail v. Deere & Co., 529 F.3d 947, 955 (10th Cir. 2008).

## II. DISCUSSION

Plaintiff's Petition does not specify the dollar amount of damages sought; rather, Plaintiff seeks unspecified damages for breach of contract, compensatory damages for her bad-faith claim, and punitive damages for malicious breach of duty. (Pl.'s Pet., Dkt. No. 2 Exh. 2 at 7; Pl.'s Br., Dkt. No. 28, at 2.) Plaintiff asserts that remand is required because Defendants failed to establish in its notice of removal that more than $75,000 is at play. Plaintiff claims its settlement offer of $50,000, communicated in a letter to Defendant, proves the amount in controversy is not met. (Pl.'s Br., Dkt. No. 17, at 3.)

Defendant counters that Plaintiff has been purposefully evasive during the discovery process in order to avoid establishing that she is seeking damages over the amount in controversy. Defendant additionally cites a letter it wrote to Plaintiff in which it unilaterally sought to establish that more than $75,000 is in play by stating that "*Aetna's receipt of the U.S.P.S. green card reflecting delivery of this correspondence will confirm the Plaintiff is*

2

*seeking more than $75,000, absent an express and unequivocal written statement to the contrary.*" (Def.'s Br., Dkt. No. 27, at 5.) As support that the requisite amount in controversy is met, Defendant cites to portions of Plaintiff's deposition in which she does not specify the exact amount of damages she will seek during trial, refuses to answer in the affirmative Defendant's sought-for admission that Plaintiff would not seek more than $75,000, and admits that the $50,000 settlement offer would not cover 100% of her damages. (Id. at 10.)

While this Court agrees with Plaintiff that Defendant's attempt to establish the requisite amount in controversy through the unilateral letter is not compelling as relevant evidence, Plaintiff's proposed settlement offer may be considered as relevant evidence of the amount in controversy, "'if it appears to reflect a reasonable estimate of the plaintiff's claim,'" McPhail, 529 F.3d at 956 (describing the settlement offer as "plaintiff's own estimation of its claim" and stating that these are a "proper means of supporting the allegations in the notice of removal") (quoting Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002)), as may Plaintiff's refusal to stipulate the amount in controversy exceeded $75,000,[1] and Plaintiff's claim of actual, punitive,[2] and compensatory damages. Id. at

---

[1] The factual circumstances regarding this issue are similar to those in McPhail, where the plaintiff refused to stipulate to any amount of damages other than the $10,000 required by Oklahoma law. McPhail, 529 F.3d at 957.

[2] Under Oklahoma law, a jury is allowed to award up to $500,000, without regard to the amount of damages, for an insurer's intentional and malicious breach of its duties to act fairly and in good faith. 23 Okla. Stat. § 9.1(B). While this claim may be considered in determining whether the amount in controversy is met, a plaintiff's claim for punitive damages alone is not sufficient to establish the jurisdictional amount.

3

956-57; Woodmen of the World Life Ins. Soc'y v. Manganaro, 342 F.3d 1213, 1218 (10th Cir. 2003).  Additionally, Plaintiff's deposition testimony that $50,000 would not cover 100% of her damages may be considered when determining whether it is possible that more than $75,000 is at play. See McPhail, 529 F.3d at 956 (finding that "other documentation [beyond the complaint] can provide the basis for determining the amount in controversy—either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward.").

Despite Plaintiff's $50,000 settlement offer, her later admission that this settlement would not cover 100% of her damages, her unwillingness to concede the amount of damages sought, and the aggregate claims sought by Plaintiff combine to sufficiently establish a factual basis on which to establish that it is possible more than $75,000 is at play. Id. at 955 ("[A] plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount. This would allow frustration of the purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant.  Still, in the absence of an explicit demand for more than $75,000, the defendants must show how much is in controversy through other means.")

Accordingly, Plaintiff's Motion to Remand (Dkt. No. 17) this action to the District Court for Cleveland County, Oklahoma is DENIED.

IT IS SO ORDERED this 7th day of December, 2010.

ROBIN J. CAUTHRON
United States District Judge